UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL LEE GRANT, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-4019 |
| JOSEPH HANKINS, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that during a search of his room on June 13, 2016, his property was thrown about and torn up, and that property was wrongfully confiscated, including ten batteries in a "crochet knit bag."  Plaintiff was then forced to wear small handcuffs even though he was recovering from wrist surgery. Plaintiff was found guilty of possessing dangerous and/or unauthorized contraband.  Plaintiff alleges he received a harsher punishment for his purported infraction than white residents have received for similar infractions.

On these allegations, the Court cannot rule out possible constitutional claims.  However, the Court will wait to delineate

those claims until the record is developed further.  At this point the Court concludes only that Plaintiff's complaint should be sent for service pursuant to the standard procedures.  Defendants may file a motion to dismiss as a responsive pleading if they wish.

**IT IS ORDERED:**

    1.   Plaintiff's petition to proceed in forma pauperis is granted (3).

    2.   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3.   The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for

Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

    4.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

6.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

7.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

8.   If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9.   Plaintiff's motion for the Court to request counsel to voluntarily represent him is denied (d/e 5).  The Court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as this.  Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  The most the Court can do is ask for volunteer counsel.  In determining whether the Court should

attempt to find an attorney to voluntarily take the case without pay, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt, 503 F.3d at 654-55 (7th Cir. 2007).  On this record, Plaintiff appears competent to proceed pro se.  His pleadings adequately convey the factual basis for his claims, and he should have personal knowledge of many of the relevant facts underlying his claims.  Plaintiff may renew his motion on a more developed factual record, setting forth his educational level, any jobs he has had inside or outside of prison, any classes he has taken in prison, and his litigation experience in state and federal court.

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: March 3, 2017

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                   SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE