IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CARL LEE GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17-cv-04019-JEH |
| | ) | |
| | ) | |
| GARY KULHAN, | ) | |
| WANDA PENNOCK, | ) | |
| KEITH ROSE, and | ) | |
| JEREMIE SEYMOUR, | ) | |
| | ) | |
| Defendants. | ) | |

## Order and Opinion

Before the Court are Defendants Kuhlhan, Pennock, and Rose's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 (D. 109) and Plaintiff's motion for sanctions (also titled "Motion of Objection to Defendants Renewed") (D. 111). For the reasons stated, *infra*, both motions are denied.

The jury in this case returned a verdict in favor of the Plaintiff on his claim that Defendants Kuhlhan, Pennock, and Rose violated his Fourteenth Amendment right to be free from excessive force as it related to their use of handcuffs on him. The Defendants now renew their motion made at trial, wherein they argue that they are entitled to qualified immunity as to the Plaintiff's claim that the Defendants handcuffed him with smaller cuffs despite a medical order for large cuffs.

A public official defendant is entitled to qualified immunity unless two disqualifying criteria are met. First, the evidence construed in the light most favorable to the plaintiff must support a finding that the defendant violated the plaintiff's constitutional right. Second, that right must have been clearly established at the time of the violation. *Stainback v. Dixon*, 569 F.3d 767, 770 (7th Cir. 2009). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that *what he is doing* violates that right.'" *Mullenix*, 136 S. Ct. at 308 (emphasis added).

Prior to trial, this Court rejected the Defendants' qualified immunity claims, stating:

> Defendants also argue that they are entitled to qualified immunity. Defendants cite to *Stainback v. Dixon*, 569 F.3d 767, 773 (7th Cir. 2009), where the Seventh Circuit stated that
>> [h]ad the [o]fficers known of a preexisting injury or medical condition that would have been aggravated by handcuffing [the plaintiff], or had [the plaintiff] communicated to the [o]fficers that he suffered from such an infirmity, the [o]fficers certainly would have been obligated to consider that information, together with the other relevant circumstances, in determining whether it was appropriate to handcuff [the plaintiff].
> Drawing attention to the last half of this quotation, Defendants argue that they considered Plaintiff's wrists in combination with the fact that Plaintiff "had been accused of threatening to harm someone else, . . . was agitated and upset by the room search, and was being taken to a different part of the facility on a special status." (Defs.' Mot. Summ. J. 18.)
> The holding in *Stainback* was that the officers' use of handcuffs was reasonable because the officers "did not use handcuffs in a manner that would clearly injure or harm a typical arrestee,"

because "it was not objectively clear to the [o]fficers that [the plaintiff] suffered from any infirmities," and because the plaintiff did not "inform the [o]fficers that he had a preexisting injury or condition that would be aggravated if he were handcuffed." 569 F.3d at 773.

Here, unlike in *Stainback*, it was objectively clear to Defendants that Plaintiff had had wrist surgery, and Plaintiff told Defendants the small handcuffs would aggravate his wrists. A doctor had also ordered that large handcuffs be used on Plaintiff because of his medical condition.

In *Payne v. Pauley*, 337 F.3d 767, 780 (7th Cir. 2003), the Seventh Circuit held that an officer was not entitled to qualified immunity for applying tight handcuffs that caused numbness and pain where the plaintiff "posed no danger" to the officer, "did not resist arrest," and "was alleged to have committed a very minor, non-violent crime." Although in the present case Plaintiff is alleged to have threatened to commit a violent crime, Defendants knew this fact before they searched Plaintiff's cell. Plaintiff also had an ongoing order for large handcuffs. Thus, Defendants could have brought large handcuffs with them when they came to Plaintiff's cell a second time to transport Plaintiff to Fox Unit.

In addition, Plaintiff's testimony does not support a conclusion that he posed a danger to Defendants or that he resisted arrest. Hearsay statements in the incident reports provide some support for such a conclusion, but the Court cannot consider that evidence on summary judgment.

The Court concludes that Stainback and Payne clearly establish that under Plaintiff's version of events, Defendants' use of the small handcuffs was not objectively reasonable. Therefore, Defendants are not entitled to qualified immunity. Furthermore, based on the evidence presented by Plaintiff, the Court concludes that a reasonable jury could find that Defendants Kulhan, Rose, and Pennock's knowing use of the small handcuffs on Plaintiff when he posed no danger to Defendants, had a large handcuff permit, and had swollen, post-surgical wrists was objectively unreasonable.

(D. 68 at ECF pp. 24-27).

Nothing that happened at trial alters this analysis.  The jury apparently credited the Plaintiff's version of events, which, consistent with the Court's previous analysis when considering the Defendants' qualified immunity claims and the Plaintiff's testimony at trial, support a conclusion that "Defendants Kulhan, Rose, and Pennock's knowing use of the small handcuffs on Plaintiff when he posed no danger to Defendants, had a large handcuff permit, and had swollen, post-surgical wrists was objectively unreasonable." *Id* at ECF p. 27.  Accordingly, the Defendants' motion is denied.

Regarding the Plaintiff's motion for sanctions and other relief, he argues the Defendants should be sanctioned because of the delay precipitated by their motion for judgment as a matter of law.  However, the Defendants filed their motion within the time period set forth in the Federal Rules of Civil Procedure, and they are entitled to file such a motion.  There is nothing sanctionable in their conduct. Finally, the Plaintiff appears to argue that the damages awarded to him by the jury were too low.  However, the amount of damages was a matter for the jury to decide based upon the evidence presented at trail, and there is no reason to upset its determination.  Accordingly, the Plaintiff's motion is denied as well.

*It is so ordered.*

Entered on January 30, 2020

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE